In the United States District Court
Southern District of West Virginia
Huntington, Division

Wendell Leonard Cause,
    Plaintiff,

v.    Case No. 3:17-cv-00485

Ernie Blackburn; Sgt.
Huntington W.Va. Police    USC 1983; 1985
Dept. #125 and Paul    Civil Rights Complaint;
Matovich; CpL Huntington and Conspiracy/
W.Va. Police Dept. #418,    JURY TRIAL Demanded
    Defendants.

FILED JAN 11 2017 TERESA L. DEPPNER, CLERK U.S. District Court Southern District of West Virginia

1) This Court has jurisdiction pursuant to the USC and because all named defendants are located in this district and the acts complained of all occured in this district.

2) All Defendants are being sued in their personal and professional capacities.

3) Defendant Ernie Blackburn is employed as a Huntington, W.Va. Police officer, and was so employed at all times relevant to this complaint.

4) Defendant Paul Matovich is employed as a Police officer with the Huntington, WVA Police Dept and was so employed at all times relevant to this Complaint.

(1)

(5) Plaintiff, Wendell L. Cruse is a resident of Huntington WVA. and at all times relevant to this complaint resided at 222 1st Street Altizer, Huntington, W. VA. 25705.

(6) On December 29, 2016, defendants ERNIE BLACKBURN were alledgely conducting surveillance of Plaintiff's residence at 222 1st street Altizer Huntington, WVA 25705.

(7) At approxiamately 5pm on 12-29-2016, Defendants stopped a vehicle, which alledgedly had left the Plaintiff's residence; without any probable cause for a traffic stop and conducted an illegal and improper search of the vehicle, and an improper and illegal detainment of the vehicles occupants.

(8.) To the best of Plaintiff's belief and knowledge; Defendants secured a search warrant, using a false affidavit and unsubstaniated accusations, for Plaintiff's residence.

(9) At approxiamately 9:00 pm on 12-29-2016, Defendants entered the Plaintiff's residence using a battering ram and completely destroying the

(2)

(9) cont  Front entry door, the door frame and door facings to Plaintiff's residence.

(10.) Defendants conducted a through and extensive search of plaintiff's residence which included cutting couch cushions, speaker grills. Defendant found no narcotics or illegal substances of any kind in the Plaintiff residence.

(11.) At approximately 1030 pm on 12-29-16, Plaintiff was placed in the back of a Police Van and informed that he was being transported to the Huntington Police Dept Headquarters because of an outstanding traffic warrant. Plaintiff was placed in the back the transport vehicle in handcuff and without being seatbelted in. Defendants continuously drove fast around curves and abru Abruptly applied the vehicle brakes causing Plaintiff to be repeatedly thrown around the vehicle causing injury and trama.

(12) Plaintiff vehemently complained that Defendant were causing him harm and that plaintiff's residence was unsecured. Defendant laughed at the Plaintiff.

(13) Plaintiff repeatedly requested to speak to a supervisor which was denied and after being place in a holding cell for 2 hrs., Plaintiff was taken to an interview room

(3)

13 con't  And read his Miranda Rights by defendants.

(14)  Defendants then stated to plaintiff that no drugs were found in plaintiff's residence, or on the plaintiff; but a small amount of suspected crack cocaine was found on "Lisa", who was an occupant at plaintiff's residence. Defendants further stated that if Plaintiff did not cooperate with Defendants investigation, the narcotics found on "Lisa" would be attributed to Plaintiff and Plaintiff would be charged and "Lisa" would not be charged with narcotics found secreted on her person.

(15.)  Plaintiff vehemently protested that he did not have anything to do with "Lisa" and that drugs found secreted on her pres person could not legally be attributed to the Plaintiff.

(16)  Defendants Blackburn and Matovich then knowingly, maliciously, and ~~feloniously~~ feloniously filed false charges against the Plaintiff upon their oath and affirmation, stating

4

(16.cont) they found "a bag containing tan chunks that field tested positive for cocaine" in plaintiff's residence. (see exhibits A and B)

(17.) Defendant knew the complaint they swore to and affirmed was totally and absolutely untrue and that the plaintiff would be harmed by their actions and that their actions constituted a violation of plaintiff's constitutional right to due process. Defendants also conspired to violate plaintiff's right and cause him grievous harm.

(18.) On January 6, 2017, at the preliminary hearing; Magistrate Black questioned Defendants and after verifying that no drugs were found in ~~defendants~~ plaintiff's residence or in ~~defendants~~ plaintiff's person; all charges against the ~~defendant~~ plaintiff were dismissed.

(19.) The actions of defendant caused plaintiff to be illegally incarcerated for 11 days; caused ~~sever~~ severe emotional distress and mental anguish and loss of property and the

(5)

(9)cont. Actions outlined in paragraph 11 of this complaint caused Plaintiff actual psychial harm.

(20.) The actions of defendants was a violation of Plaintiff's rights secured by the U.S. Constitution.

### Relief

21. A. Plaintiff respectfully request that he be awarded the following relief:

b.) $100,000 from each defendant for filing the false complaint.

c.) $5,000 per day for each day spent incarcerated

d.) $50,000 for the actions of defendant outlined in paragraph 11.

e.) $50,000 in damages to Plaintiff's home and loss of property.

f.) Conspiracy charges and/or criminal charges because defendants conspired together to maliciously violate Plaintiff's rights

d.) Whatever other relief this court deems necessary.

Respectfully submitted
Wendell Cruse

I declare under penalty of perjury that the foregoing is true and correct to the best of my belief and knowledge.

Wendell Cruse   January 8, 2017

6

