# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

| | |
|---|---|
| **WENDELL LEONARD CRUSE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Civil Action No. 3:17-00485 |
| ) | |
| **ERNIE BLACKBURN,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## **O R D E R**

Pending before the Court are the following: (1) Defendants Hammers and Frazier's "Motion to Stay" (Document No. 41), filed on June 19, 2017; and (2) Plaintiff's "Motion to Compel for Second Set of Requests for Production of Documents (Document No. 43, pp. 6 – 9), filed on July 3, 2017.

On June 19, 2017, Defendants Hammers and Frazier filed a "Motion to Stay." (Document No. 41.) Specifically, Defendants Hammers and Frazier request a stay of discovery pending a ruling on their pending Motion to Dismiss. (Id.) Defendants Hammers and Frazier explain that such a stay is necessary "to protect Defendants from undue burden and expenses of continued discovery pursuant to Defendants' assertion of immunity." (Id.) Finally, Defendants Hammers and Frazier state that Plaintiff's "Motion to Compel" (Document No. 24) and "Motion to Compel and Impose Sanctions" (Document No. 36) does not involve claims against Defendants Hammers and Frazier. (Id.)

In Response, Plaintiff states that he opposes Defendants Hammers and Frazier's Motion to Stay and requests that all Defendants be compelled to respond to his request for production of

Defendants Blackburn and Matovich's grand jury testimony. (Document No. 43, pp. 6 – 12.) Concerning Defendants Hammers and Frazier's Motion for a Stay, Plaintiff appears to object only to the extent that they have not provided requested grand jury testimony. (Document No. 43, pp. 10 – 12.) Plaintiff contends that his discovery requests to Defendants Hammers and Frazier have been limited to his request that Defendants Hammers and Frazier produce the grand jury testimony of Defendants Blackburn and Matovich. (Id.) Accordingly, Plaintiff requests that Defendants Hammers and Frazier be ordered to produce the grand jury testimony of Defendants Blackburn and Matovich. (Id.) In the alternative, Plaintiff contends that Defendants Blackburn and Matovich should be compelled to produce their grand jury testimony. (Id., pp. 8 – 9.) In support, Plaintiff claims that the grand jury testimony is needed "to avoid a possible injustice in another judicial proceeding." (Id.) Plaintiff states that in the above action, he alleges that Defendants Blackburn and Matovich filed false affidavits and fabricated evidence in order to arrest Plaintiff based upon a Criminal Complaint. (Id.) Plaintiff further states that his Amended Complaint alleges "Defendants Hammers and Frazier suborned perjury when they sought an indictment against Plaintiff using the knowingly perjured testimony of Blackburn and Matovich." (Id.)

The Fourth Circuit has recognized that "grand jury testimony should never be used as a substitute for thorough discovery." Gilbert v. United States, 203 F.3d 820, 823 (4th Cir. 2000)(citing Lucas v. Tuner, 725 F.2d 1095, 1106 (7th Cir. 1984)). It is well recognized that secrecy is a hallmark of a grand jury's core function. See Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 218, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979). Similar to Rule 6(e) of the Federal Rules of Criminal Procedure, West Virginia Code § 52-2-15(c)(2)(A) provides that disclosure of matters occurring before the grand jury may be made "when so directed by a court preliminarily to or in

connection with a judicial proceeding." See W.Va.Code § 52-2-15(c)(2)(A); Fed.R.Crim.P. 6(e)(3)(C)(i). The party requesting disclosure of the confidential grand jury material, however, bears the burden to establish "a strong showing of particularized need . . . before any disclosure will be permitted." United States v. Sells Engineering, Inc., 463 U.S. 418, 443, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983). To demonstrate a particularized need, the Fourth Circuit has stated that a party must establish "that (1) the material 'is needed to avoid a possible injustice in another judicial proceeding,' (2) 'the need for disclosure is greater than the need for continued secrecy,' and (3) the 'request is structured to cover only material so needed.'" Gilbert, 203 F.3d at 823(citing Douglas Oil Co., 441 U.S. at 222, 99 S.Ct. 1667). Although the interest of secrecy is reduced once the grand jury proceeding has concluded, the interest of secrecy is not eliminated. Id. "[S]tringent protection of the secrecy of complete grand jury investigations may be necessary to encourage persons to testify fully and freely before future grand juries." Illinois v. Abbot & Assoc., Inc., 460 U.S. 557, 566 n. 11, 103 S.Ct. 1356, 75 L.Ed.2d 281 (1983).

      The undersigned finds that Plaintiff's request for the production of Defendants Blackburn and Matovich's grand jury testimony should be denied. To the extent Plaintiff is requesting the grand jury testimony in an effort to prove that Defendants Blackburn and Matovich falsely testified before the grand jury, such is insufficient to meet the standard set forth in Douglas Oil. It is well recognized that allowing a civil suit for false grand jury testimony "would . . . emasculate the confidential nature of grand jury testimony, and eviscerate the traditional absolute immunity for witness testimony in judicial proceedings. Rehberg v. Paulk, 566 U.S. 356, 361, 132 S.Ct. 1497, 1501, 182 L.Ed.2d. 593 (2012). The Court notes that witnesses who testify in court, including police officers, are absolutely immune from any claims relating to their testimony. Briscoe v.

LaHue, 460 U.S. 325, 326, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983)(witnesses in judicial proceedings receive "absolute immunity from damages liability under § 1983 based on their testimony").[1] To the extent Plaintiff is requesting the grand jury testimony to prove that Defendants Hammers and Frazier presented false testimony to the grand jury, the undersigned notes that Defendants Hammers and Frazier assert in their Motion to Dismiss that they are entitled to absolute immunity for such alleged misconduct. Thus, Plaintiff has failed to establish "a strong showing of particularized need" for the grand jury testimony. Furthermore, Plaintiff could have obtained necessary information concerning Defendants Blackburn and Matovich by use of interrogatories during the discovery period. Gilbert, 203 F.3d at 825(finding that plaintiff was not entitled to grand jury testimony where plaintiff could have deposed the defendant during discovery); also Lucas, 725 F.2d at 1106(emphasizing grand jury testimony is not a substitute for discovery). Accordingly, the undersigned finds that Plaintiff has not demonstrated a particularized need for disclosure of Defendants Blackburn and Matovich's grand jury testimony that outweighs the interests in secrecy. It is hereby **ORDERED** that Plaintiff's "Motion to Compel for Second Set of Requests for Production of Documents (Document No. 43, pp. 6 – 9) is **DENIED**. The Court recognizes that the period for conducting discovery concluded on July 3, 2017. (Document No. 11) Thus, the Court directs that the discovery period be reopened until **August 3, 2017**, for the sole purpose of allowing Plaintiff the opportunity to serve interrogatories[2] on Defendants Blackburn, Matovich, Hammers,

---

[1] A person, however, has a constitutional "right not to be deprived of liberty as a result of the fabrication of evidence by a government officer acting in an investigating capacity." *Washington v. Wilmore*, 407 F.3d 274 (4th Cir. 2005).

[2] Plaintiff is advised interrogatories are a way to get a sworn statement from someone who is a party to the action. Interrogatories are written questions that must be answered, under oath, by the

4

and Frazier.

Considering Defendants Hammers and Frazier's "Motion to Stay," the undersigned finds that the Motion should be denied. As noted above, the discovery period involving the above case concluded on July 3, 2017. (Document No. 11.) Although the undersigned has reopened discovery, the undersigned restricted discovery to a limited period of time for the restricted purpose of allowing Plaintiff the opportunity to serve interrogatories upon Defendants. Although Defendants Hammers and Frazier have filed a Motion to Dismiss, the undersigned finds it inappropriate to stay discovery. It is possible that discovery is necessary for Plaintiff to gather facts in defense to Defendants Hammers and Frazier's Motion to Dismiss. See Tilley v. United States, 270 F.Supp.2d 731, 734 (M.D.N.C. 2003)(citations omitted)("A protective order under Rule 26(c) to stay discovery pending determination of a deposition motion is an appropriate exercise of the court's discretion. The court should not, however, stay discovery which is necessary to gather facts in defense of the motion.") The undersigned further notes that Plaintiff states that his only discovery request to Defendants Hammers and Frazier involved the production of the grand jury testimony. Accordingly, it is hereby **ORDERED** that Defendants Hammers and Frazier's "Motion to Stay" (Document No. 41) is **DENIED**.

---

party on whom they are served. Rule 33 of the Federal Rules of Civil Procedure governs interrogatories. Plaintiff is limited to twenty-five (25) interrogatories (questions), counting each subpart separately, for each party. A person may serve more interrogatories on a party only if the Court grants the party special permission to serve more than twenty-five. Interrogatories may only be served on people who are parties to the litigation.

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the parties are hereby notified that the rulings set forth above may be contested by filing objections to this Order within 14 days. If objections are filed, the District Court, Honorable Chief United States District Judge Robert C. Chambers, presiding, will consider the objections and modify or set aside any portion of the Order which it finds to be clearly erroneous or contrary to law.

The Clerk is hereby directed to mail a copy of this Order to Plaintiff, who is acting *pro se*, and to counsel of record.

ENTER: July 19, 2017.

_____
Omar J. Aboulhosn
United States Magistrate Judge