# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

# HUNTINGTON DIVISION

WENDELL LEONARD CRUSE,

   Plaintiff,

v.             CIVIL ACTION NO. 3:17-0485

ERNIE BLACKBURN, Sgt. Huntington
W.Va. Police Dept. #125 and
PAUL MATOVICH, Cpl. Huntington
W.Va. Police Dept. #418,

   Defendants.

## MEMORANDUM OPINON AND ORDER

On January 16, 2018, the Honorable Omar J. Aboulhosn, Magistrate Judge, issued Proposed Findings and Recommendation (PF&R) (ECF No. 78) that the Motion for Summary Judgment (ECF No. 49) filed by Huntington Police Officers Ernie Blackburn and Paul Matovich be granted and Plaintiff Wendell Leonard Cruse's *pro se* Complaint claiming an entitlement to relief pursuant to 42 U.S.C. § 1983 be dismissed.[1] The Magistrate Judge further recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's State law claims. After not receiving any objections by the deadline, the Court accepted and incorporated the findings and recommendation of the Magistrate Judge and dismissed the case from the Court's docket on February 7, 2018. ECF No. 82. Six days later, Plaintiff filed objections. ECF No. 85. As the objections were late, the Court entered an Order on February 16, 2018, directing Plaintiff to file

---

[1]Plaintiff also filed an Amended Complaint on March 30, 2017, adding Sean Hammers and Sharon Frazier as Defendants. ECF No. 15. However, he voluntarily dismissed Mr. Hammers and Ms. Frazier on August 31, 2017. ECF No. 62.

proof from the prison mail division that his objections were received and mailed prior to the objection deadline. ECF No. 86.

On February 20, 2018, Plaintiff responded and filed a Motion for Reconsideration. (ECF No. 87). However, eight days later, Plaintiff filed a Notice of Appeal to the Fourth Circuit. ECF No. 89. Upon review by the Fourth Circuit, it notified this Court that it would treat the Notice of Appeal to be effective as of the date the Court disposes of Plaintiff's pending motion/objections before this Court. ECF No. 91. This Court then granted Plaintiff's Motion to Reconsider his objections and reinstated this action to the Court's docket. ECF No. 92.

In his Objections, Plaintiff first complains that the Magistrate Judge failed to apply a liberal pleading standard to his claims because he is acting *pro se*. Plaintiff further asserts the Magistrate Judge failed to draw inferences in the light most favorable to him as the nonmoving party. However, the Magistrate Judge clearly identified and applied both standards. *PF&R*, at 2 n.1, 5-6. Upon doing so, the Magistrate Judge concluded that Plaintiff did not make a sufficient showing to survive summary judgment. *Id*. at 11-12, 18, 20, 22. Although Plaintiff is dissatisfied with the outcome, the Court finds no merit to his contention that the standards were not applied.

Plaintiff next argues that the search warrant issued for his residence was invalid because it was based upon unsubstantiated calls to a tip line, a false affidavit by Defendant Matovich, and illegal, false, and unreliable evidence obtained from a vehicle stopped after it left his residence. Plaintiff claims that there was no credible evidence of drug activity at his residence and that the application for the warrant demonstrates a reckless disregard for the truth. However,

as explained by the Magistrate Judge, there was sufficient evidence from the totality of the circumstances to support a finding of probable cause to search Plaintiff's residence. Specifically, the Magistrate Judge noted that "a Cabell County Sheriff's Deputy observed 'lots of foot traffic at the residence,' Officers received at least three calls to the tip line, and an individual (Courtney Bohnke) that was stopped a few blocks after leaving Plaintiff's residence was in the possession of crack cocaine allegedly obtained from Plaintiff's residence." *Id*. at 11-12. Certainly, as found by the Magistrate Judge, this evidence is sufficient to provide Defendants the "shield of immunity" conferred by the warrant that was issued by a neutral State magistrate. *Id*. at 12. Moreover, Plaintiff does not allege he owned or was even a passenger in the vehicle that was stopped and, thus, he does not have a Fourth Amendment right to challenge the stop or any search of the vehicle; nor does he have the right to challenge any questioning of the occupants of the vehicle. *See generally Rakas v. Illinois*, 439 U.S. 128, 133-34 (1978) (reaffirming that "Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted. A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed" (internal quotation marks and citations omitted)).

Plaintiff next complains Defendants filed a false report by stating that drugs were found at his residence when the drugs were found on Lisa Washburn, who was an occupant in his residence. Defendant basically contends there is no evidence linking him to those drugs because Ms. Washburn stated the drugs were for her personal use. However, again as fully explained by the Magistrate Judge, Defendant Blackburn prepared Criminal Complaints charging Plaintiff with one misdemeanor offense of Maintaining a Dwelling for the Purpose of Controlled Substances in

violation of West Virginia Code § 60A-4-102 and one felony offense of Delivery of a Controlled Substance in violation of West Virginia Code § 60A-4-401(a). *PF&R*, at 17.[2] Although the Complaints were ultimately dismissed, Defendant was later indicted on the same charges, and those charges were dismissed as part of a plea agreement to another charge and a sentence to time served. *Id*. at 18. In the residence, Defendants also found "two sets of digital scales, needles, glass pipes, packaging material, and a ledger." *Id*. at 20. Thus, the addition of evidence that Ms. Washburn had the drugs hidden on her person, who Plaintiff admits was in his residence, would not have negated probable cause, nor does it constitute a reckless disregard of the facts. As a result, Plaintiff's claim of malicious prosecution under the Fourth Amendment fails. *See id*. at 20-21.

Accordingly, upon de novo review, the Court **DENIES** Plaintiff's objections, **ACCEPTS AND INCORPORATES HEREIN** the Findings and Recommendation of the Magistrate Judge, **GRANTS** the Motion for Summary Judgment by Defendants Blackburn and Matovick (ECF No. 49), **DECLINES** to exercise supplemental jurisdiction over Plaintiff's State law claims, and **DISMISSES** this action from the docket of the Court.[3]

---

[2] There also were two other charges that Plaintiff did not claim were improper. *See id*. at n. 2.

[3] The Court does agree with Plaintiff that the Complaint was not filed on September 1, 2017, as stated in the PF&R. Rather, it was filed on January 11, 2017. Nevertheless, this minor error has no impact on the Court's decision. Plaintiff also complains that the Magistrate Judge wrongly stated he alleged Defendants' actions resulted in him being incarcerated for eleven days. Although such argument is irrelevant to the Court's determination, Plaintiff expressly states in his Complaint that "[t]he actions of defendant caused Plaintiff to be illegally incarcerated for 11 days[.]" *Compl*. at 5 ¶19, ECF No. 2.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: June 3, 2019

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE